# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV479-MU-02

| | | |
|---|---|---|
| DARRIN M. SANDERS, ) | | |
|     Petitioner, ) | | |
| ) | | |
|     v. ) | | ORDER |
| ) | | |
| JOEL HERRON, Supt.; and ) | | |
| ALVIN W. KELLER, JR., Sec. of ) | | |
|   Corrections, ) | | |
|     Respondents. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of <u>Habeas Corpus</u> (document # 1).

Rule 4 of the Rules Governing Section 2254 Cases, directs <u>habeas</u> courts promptly to examine <u>habeas</u> petitions. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. For the reasons stated herein, Petitioner's case will be <u>dismissed</u> as time-barred.

## I.    <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the form-Petition, Petitioner pled guilty to second-degree murder and attempted robbery with a dangerous weapon in the Superior Court of Gaston County. On August 6, 2007, that Court sentenced Petitioner to 211 to 263 months imprisonment for the murder conviction and to 77 to 102 months imprisonment for the attempted robbery conviction.

The Petition further reports that Petitioner did <u>not</u> directly

appeal either his convictions or sentences. Rather, after a significant delay, on June 14, 2009, Petitioner commenced his pursuit of collateral review by filing a Motion for Appropriate Relief in the Superior Court of Gaston County. The Petition also reflects that following the denial of Petitioner's Motion, he filed a <u>certiorari</u> petition in the State Court of Appeals, but his Petition was rejected by Order of August 26, 2009, thereby concluding Petitioner's pursuit of State collateral review.

On November 5, 2009, Petitioner filed the instant Petition raising two claims for review. Nevertheless, this Court has determined that the instant <u>Habeas</u> Petition must be summarily <u>dismissed</u>.

## II. **ANALYSIS**

Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA, hereafter), effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>    (A) the date on which the judgment became final by the
>    conclusion of direct review or the expiration of the time
>    for seeking such review:
>
>    (B) the date on which the impediment to filing an
>    application created by State in violation of the

> Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, Petitioner was sentenced on December 27, 2007 and he did not file a direct appeal. Consequently, Petitioner's conviction became final no later than January 10, 2008, i.e., at the expiration of the fourteen day period during which he could have sought a direct appeal. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought); and N.C.R.App. P. 4(a) (providing fourteen days for service of notice of appeal).

Based upon the foregoing, in the absence of any intervening circumstances, Petitioner had up to and including January 10, 2009, in which to file the instant federal Petition. See Hernandez v.

Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); and Harris v. Hutchinson, 209 F.3 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. §2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Obviously, Petitioner did not meet that January 2009 deadline.

Additionally, while it has not escaped the Court's attention that Petitioner sought post-conviction review by an MAR which he filed in the Superior Court of Gaston County, that fact is of little consequence here. To be sure, Petitioner allowed his January 2009 AEDPA deadline to expire by more than six months before he even initiated a pursuit of collateral review with his June 14, 2009 MAR. Because it is well settled that subsequently filed motions or petitions for collateral review in State court cannot somehow breathe new life into already expired federal limitations periods, Petitioner's delayed pursuit of State collateral review simply came too little too late. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period). In short, the time during which Petitioner pursued collateral review cannot be used to toll the one-year limitations

4

period.

Furthermore, question 18[1] on Petitioner's form-Petition prompts petitioners whose judgments of conviction became final more than a year before the initiation of their habeas Petitions to "explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar [their] Petition[s]." To that end, Petitioner advises the Court that his Petition should be deemed timely filed because:

> Section 15A-1411(b), is a State Rule which allows the defendant to seek Direct Review of his conviction and sentence at anytime. Therefore, upon the Gaston County Superior Court's denial of Petitioner's State Habeas Corpus Petition on July 24, 2009, his one-year statute of limitations began to run; North Carolina "legislat[ure was] within it's constitutional boundary when it enacted Chapter 89 Section § [sic] 15A-1411(b) of North Carolina Statute[s, w]hich allows the defendant to seek collateral or direct review of his/her conviction anytime. A state Habeas Corpus [Motion] whether made before or after entry of judgment is a Motion in the original cause and a new proceeding." Petitioner

---

[1] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). There, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas forms to comply with Hill. The new forms now include a section which directs the petitioner to address the "timeliness of [his/her] motion." In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the motion to vacate is being submitted, he/she "must explain why the one-year statute of limitations as contained in 28 U.S.C. §2244(d) [also set forth on the form] does not bar [such] motion." Accordingly, given the fact that Petitioner has addressed the timeliness of his Petition -- albeit, unsuccessfully, this Court concludes that no further warning is required for him.

5

> contends that pro-se litigants pleading[s], which are to be construed See Exhibit # 7 Pro-Se Litigants[.] A Writ of Habeas Corpus, to attest the detention setout [sic] herein.

Notwithstanding his apparent belief to the contrary, Petitioner is mistaken as to the relevant State laws and their impact on the calculations of his federal limitations period. Indeed, N.C.R.App.P. 4(a) gives State defendants fourteen days in which to notice their direct appeal. When no such notice is given and the 14-day period expires, a defendant's conviction(s) and sentence(s) become final for purposes of calculating an AEDPA deadline. See Clay, supra, at 527. Once that one-year limitations period begins to run, it can be tolled only for the periods during which any properly filed post-conviction pleadings are pending. 28 U.S.C. § 2244(d). Thus, even when any State filing deadlines are overlooked, if State review is not commenced before the expiration of the federal one-year deadline, the period during which such State collateral review is pending will have no impact on the AEDPA calculations. See Minter, supra, 230 F.3d 663. Suffice it to say, therefore, Petitioner's explanation falls far short of establishing a statutory basis for excusing his delay in filing this federal Petition.

Likewise, the Court is aware that equitable tolling of the AEDPA statute of limitations is allowed in "rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitations period against the

party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc). Here, however, Petitioner has not articulated any such rare circumstances for equitable tolling. Indeed, other than Petitioner's explanation which evidences his misapprehension of the law, he has not offered any basis for this Court to conclude that it would be unconscionable to enforce the limitations period and that a gross injustice will result from such enforcement.

Finally, the Court also is aware of the Fourth Circuit's decision in Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. July 18 2008), in which the Court -- specifically limiting its holding to the facts of that case -- concluded that this Court's sua sponte dismissal of a § 2254 Petition was premature. However, this case is factually distinguishable from Bilal.

In Bilal, the petitioner responded to question 18 on his form petition with an ambiguous "N/A" response, thereby possibly reflecting his confusion as to either the question or his status. Here, Petitioner provided a detailed, albeit insufficient explanation for his delay. Moreover, unlike Bilal, this case does not involve a mere 30-day delay, rather it involves a delay of nearly two years from the time that Petitioner was convicted until the date on which he filed the instant Petition. As such, this Court finds Bilal inapplicable here. In sum, therefore, the undersigned finds that Petitioner's untimeliness stands as an

7

absolute bar to his entitlement to federal review.

### III. CONCLUSION

The Court has determined that the instant Petition was untimely filed without excuse; therefore, such Petition must be <u>dismissed</u>.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Petitioner's Petition for a Writ of <u>Habeas Corpus</u> (document # 1) is **DENIED and DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: November 12, 2009

Graham C. Mullen
United States District Judge